UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF PAVLIK, MIKE MITCHELL,
CHARLES MAIDA, FRED LARABELL,
JEFF BARTON, ROBERT GRANT,
ALISON ATNIP, JOE JACOBS,
JOHN STEINER, SEAN SCHMIT,
JUAN MARTINEZ, GEORGE FREEMAN,
KIPI SALAZAR, CHRIS PAVLIK,

                              CASE NO. 06-CV-13928-DT
          Plaintiffs,      JUDGE ARTHUR J. TARNOW
                              MAGISTRATE JUDGE PAUL J. KOMIVES
v.

BRAND SCAFFOLD RENTAL AND ERECTION,
DAN PASLER, NELSON LAGINESS,
JERRY MCDONALD, JOHN BRAMER,
BRUCE DILTZ and JOE SCHOENERR,

          Defendants,
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION
TO AMEND COMPLAINT TO ADD PROPER PARTY (Doc. Ent. 24)**

**I.    OPINION**

**A.    Procedural Background**

Fourteen (14) plaintiffs originally filed this case in Wayne County Circuit Court on or about July 25, 2006. The complaint alleges (I) defamation as to Brand Scaffold Rental & Erection ("Brand"); (II) intentional infliction of emotional distress; (III) tortious interference with contractual relations and (IV) defamation as to Must Safety Program. Defendant Brand removed the case to this Court on September 5, 2006. Doc. Ent. 1 at 12-18. On October 13, 2006, Judge Tarnow entered a stipulated order of dismissal as to Must Safety Program. Doc. Ent. 10.

**B.      Plaintiffs' Motion to Amend Complaint to Add Proper Party**

Currently before the Court is plaintiffs' May 14, 2007 motion to amend complaint to add proper party.  Doc. Ent. 24.  Along with this motion, plaintiffs filed an amended complaint and jury demand.  It lists the same fourteen (14) plaintiffs, and it lists a majority of the same defendants, with the exception that defendant Must Safety Program is replaced with defendant Pembrooke OCC Med - Pembrooke Occupational Health.  The causes of action are (I) defamation as to Brand Scaffold Rental & Erection; (II) intentional infliction of emotional distress and (III) defamation as to Pembrooke Occupational Health.  Doc. Ent. 25 at 1-9.  See also Doc. Ent. 24-2 at 2-10.

Judge Tarnow has referred the motion to amend to me for hearing and determination. Doc. Ent. 43.  On May 29, 2007, defendant Ricker filed a brief in opposition to the motion to amend complaint to add proper party.  Doc. Ent. 26.  Defendant Ricker argues that "[p]laintiffs' request to amend complaint is procedurally deficient[,]" "[p]ermitting plaintiffs to amend their complaint at this late date would be unduly prejudicial to defendant Andrea Ricker[,]" and "[p]ermitting amendment of plaintiffs' complaint would be futile[.]"  Doc. Ent. 26 at 8-12.

On October 3, 2007, I conducted a hearing which, in part, concerned the motion to amend.  Plaintiffs were represented by attorney Ronald D. French, and various defendants were represented by attorneys Nathan J. Carroll, John B. Renick (of St. Louis, MO) and Daniel G. Cohen.  Upon representation, no one was present on behalf of Pembrooke.  Following oral argument, I took the motion under advisement.

On October 4, 2007, the day after oral argument, I entered a scheduling order requiring plaintiffs' counsel to prepare the amended complaint he wished to file.  Doc. Ent. 50.  On

October 9, 2007, twelve (12) plaintiffs[1] filed an amended complaint and jury demand. It lists as defendants Brand, Dan Pasler, Nelson Laginess, Jerry McDonald, John Bramer, Bruce Diltz, Joe Schoenerr, Pembrooke OCC Med - Pembrooke Occupational Health and Andrea Ricker, and it sets forth the following claims: (I) defamation as to Brand; (II) intentional infliction of emotional distress and (III) defamation as to Pembrooke Occupational Health. Doc. Ent. 52 at 2, 4-6.

A stipulation of dismissal as to defendant Ricker only was filed on October 8, 2007. Doc. Ent. 51. On October 11, 2007, Judge Tarnow entered a stipulated order of dismissal as to defendant Ricker only. Doc. Ent. 53.

**C.     Fed. R. Civ. P. 15**

Federal Rule of Civil Procedure 15 sets forth rules regarding amended and supplemental pleadings. With respect to amended pleadings, the rule states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). "'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Foman v. Davis*, 371 U.S. 178, 181-182 (1962), quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

---

[1]Original plaintiffs Alison Atnip and John Steiner are not listed in the caption of the October 9, 2007 amended complaint. Doc. Ent. 52.

"Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973), citing *Foman*, 371 U.S. at 182 (1962); accord *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971), citing *Foman*, 371 U.S. 178 (1962) (dictum). However, the trial court must take into consideration any prejudice to the opposing party. *Zenith Radio Corp.*, 401 U.S. at 330-331; 3 *Moore's Federal Practice*, § 15.14[1] at n.4 (Matthew Bender 3d ed.).

**D.     Plaintiffs' motion to amend complaint to add proper party is granted.**

Defendant Ricker was the only party to file a response to plaintiffs' motion to amend complaint to add proper party. She has since been dismissed from the case; therefore, the objections registered by her response are moot as to her. To the extent that her objections could be argued to have survived her dismissal (such as the argument that an amendment to add Pembrooke would be futile on the basis that it would be barred by the statute of limitations or the argument that the request to amend was procedurally deficient for various reasons), any such arguments are more appropriately raised by a party or parties to whom these objections would have consequence.[2]

---

[2] To the extent defendant Ricker's response sought an award of costs and reasonable attorney fees resulting from plaintiffs filing their motion to amend in contravention of Fed. R. Civ. P. 15(a) and filing their May 14, 2007 amended complaint without agreement of the parties or leave of court, Doc. Ent. 26 at 12-13, defendant Ricker's request is denied.

Pursuant to my October 4, 2007 scheduling order, defendants had seven days to lodge written objections to the proposed amended complaint. As noted above, the proposed amended complaint was filed on October 9, 2007; therefore, any objections by the remaining defendants were due on or about October 18, 2007. Fed. R. Civ. P. 6(a). As of October 18, 2007, the Court has not received objections to the October 9, 2007 amended complaint and jury demand from defendants Brand, Pasler, Laginess, McDonald, Bramer, Diltz or Schoenerr.

Accordingly, plaintiffs' motion to amend complaint to add proper party is granted.

**II.   ORDER**

In accordance with the foregoing, plaintiffs' motion to amend complaint to add proper party (Doc. Ent. 24) is GRANTED. The amended complaint and jury demand filed on October 9, 2007 shall supercede any previously filed complaints, and plaintiffs shall be responsible for serving the amended complaint upon defendant Pembrooke.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: 10/19/07

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 19, 2007.
>
> s/Eddrey Butts
> Case Manager