UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF PAVLIK, MIKE MITCHELL,
CHARLES MAIDA, FRED LARABELL,
JEFF BARTON, ROBERT GRANT,
JOE JACOBS, SEAN SCHMIT,
JUAN MARTINEZ, GEORGE FREEMAN,
KIPI SALAZAR and CHRIS PAVLIK,

         CASE NO. 06-CV-13928-DT
   Plaintiffs,   JUDGE ARTHUR J. TARNOW
         MAGISTRATE JUDGE PAUL J. KOMIVES
v.

BRAND SCAFFOLD RENTAL AND ERECTION,
DAN PASLER, NELSON LAGINESS,
JERRY MCDONALD, JOHN BRAMER,
BRUCE DILTZ, JOE SCHOENERR and
PEMBROOKE OCC MED - PEMBROOKE
OCCUPATIONAL HEALTH,

   Defendants,
            /

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT BRAND'S MOTION TO DISMISS
(Doc. Ent. 38) / (Doc. Ent. 35 in Case No. 06-14540)**[1]

**I. RECOMMENDATION:** The Court should deny defendant Brand's motion to dismiss.

Doc. Ent. 38.

**II. REPORT:**

**A. Procedural Background**

Fourteen (14) plaintiffs originally filed this case in Wayne County Circuit Court on or

about July 25, 2006. The complaint alleges (I) defamation as to Brand Scaffold Rental &

---

[1] On February 5, 2007, Judge Tarnow entered an order to consolidate this case with *Klumpp v. Brand Scaffold Builders, L.L.C.*, Case No. 06-14540. Doc. Ent. 17.

Erection ("Brand"); (II) intentional infliction of emotional distress; (III) tortious interference with contractual relations and (IV) defamation as to Must Safety Program. Defendant Brand removed the case to this Court on September 5, 2006. Doc. Ent. 1.

On October 13, 2006, Judge Tarnow entered a stipulated order of dismissal as to defendant Must Safety Program. Doc. Ent. 10. On May 14, 2007, plaintiffs filed an amended complaint and jury demand. It lists the same fourteen (14) plaintiffs, and it lists a majority of the same defendants, with the exception that defendant Must Safety Program is replaced with defendant Pembrooke OCC Med - Pembrooke Occupational Health. The causes of action are (I) defamation as to Brand Scaffold Rental & Erection; (II) intentional infliction of emotional distress and (III) defamation as to Pembrooke Occupational Health. Doc. Ent. 25 at 1-9. *See also* Doc. Ent. 24-2 at 2-10. Attached to the amended complaint are documents, as well as the April 27, 2006 affidavit of David W. Witkowski. Doc. Entries 25-3 - 27-7.

By an order entered on October 19, 2007, I granted plaintiffs' May 14, 2007, motion to amend complaint to add proper party. Doc. Ent. 55. As a result, the October 9, 2007, amended complaint is the current complaint. It was filed by twelve (12) plaintiffs[2] and lists nine (9) defendants: Brand, Dan Pasler, Nelson Laginess, Jerry McDonald, John Bramer, Bruce Diltz, Joe Schoenerr, Pembrooke OCC Med - Pembrooke Occupational Health and Andrea Ricker. Also, it sets forth the following claims: (I) defamation as to Brand; (II) intentional infliction of emotional distress and (III) defamation as to Pembrooke Occupational Health. Doc. Ent. 52. On

---

[2]Original plaintiffs Alison Atnip and John Steiner are not listed in the caption of the October 9, 2007, amended complaint. Doc. Ent. 52.

October 11, 2007, Judge Tarnow entered a stipulated order of dismissal as to defendant Ricker only. Doc. Ent. 53. Therefore, only eight (8) defendants remain.

**B.     Defendant Brand's Motion to Dismiss**

During the first week of March 2007, defendant Brand served interrogatories and requests for production of documents upon the fourteen (14) plaintiffs. Doc. Ent. 38 at 2-3 ¶ 4. On June 5, 2007, defendant Brand filed a motion to compel full and complete responses to its twenty-four (24) interrogatories and its twenty-four (24) requests to produce. Doc. Entries 28 at 3, 28-3 at 29, 28-3 at 37. Plaintiffs did not file a response to that motion.[3]

On June 22, 2007, plaintiffs' counsel wrote to defense counsel proposing July dates for Schoenerr, McDonald, Pasler, Laginess, Bramer, Diltz and possibly a seventh person's depositions. Doc. Ent. 44-2. On July 2, 2007, defense counsel wrote to plaintiffs' counsel, stating: "we would like to depose several of the Plaintiffs, beginning with Jeff Pavlik and Mike Mitchell, but we can't effectively proceed because their discovery responses are now three months overdue. . . . Please send all the discovery responses, without objections[.]" Doc. Ent. 46-2. Defendant Brand contends that this letter placed plaintiffs' counsel "on notice that depositions of Defendant's witnesses could occur at the same time that Defendant deposed Plaintiffs Jeff Pavlik and Mike Mitchell[; however,] [s]aid depositions could not take place . . . until Plaintiffs fully and properly responded to Defendant's Interrogatories and Request[s] for Production of Documents." Doc. Ent. 46 at 2.

As of August 17, 2007, plaintiffs had not responded to the interrogatories or the requests for production of documents. Doc. Ent. 37. On August 20, 2007, Judge Tarnow entered an

---

[3]Defendant Brand's motion to compel is pending before Judge Tarnow.

order requiring plaintiffs to respond to defendant Brand's discovery requests by September 7, 2007, or to show cause by the same date as to why the motion to compel should not be granted. The order specifically provided that "[f]ailure to timely respond to this order will result in dismissal for failure to prosecute." Doc. Ent. 37. As discussed below, plaintiffs provided discovery. The written response to the show cause order was not timely filed.[4]

On September 4, 2007, several unsigned answers to interrogatories were provided to defendant Brand. Doc. Ent. 38 at 4 ¶ 10. Certain plaintiffs (Schmidt, Martinez, Freeman, Barton, Mitchell and Jeff Pavlik) attached a limited number of documents to their answers to interrogatories. Doc. Ent. 38 at 4-5 ¶ 11. Counsel spoke on September 13, 2007, at which time plaintiffs' counsel stated he "would forward verified Interrogatory Answers for the remaining Plaintiffs but did not commit to a specific date." Doc. Ent. 38 at 5 ¶ 13.

Currently before the Court is defendant Brand's September 13, 2007, motion to dismiss Doc. Ent. 38. Defendant Brand argues that "[p]laintiffs' complaint should be dismissed for failure to properly answer defendant's interrogatories and requests for production of documents." Doc. Ent. 38 at 10. Defendant Brand asks that a dismissal with prejudice as to the entire complaint enter "for failure to prosecute and fail[ure] to comply with the Court's Order to Show Cause[.]" Doc. Ent. 38 at 11.[5] Judge Tarnow has referred this motion to me for report and recommendation. Doc. Ent. 39.

---

[4]Plaintiffs' September 27, 2007, response to defendant Brand's motion to dismiss is also offered as a response to the Court's August 20, 2007, show cause order. Doc. Ent. 44 at 2.

[5]Defendant Brand presented an alternative argument of dismissal of plaintiffs Steiner, Maida, Atnip, Salazar, and Chris Pavlik's claims for failure to answer interrogatories. Doc. Ent. 38 at 11. However, this argument was amended by the September 18, 2007, supplement. Doc. Ent. 40 at 3.

On September 18, 2007, defendant Brand filed a supplement to its motion to dismiss in which it alleges that "[p]laintiffs' failure to comply with the Court's Order to Show Cause is now as follows:

a. Not one of the fourteen (14) Plaintiffs has responded to Defendants' Request for Production of Documents.
b. Not one of the twelve (12) Plaintiffs who provided answers to Defendant's Interrogatories (Jeff Pavlik, Mitchell, Grant, Freeman, Larabell, Martinez, Jacobs, Schmit, Barton, Chris Pavlik, Maida, and Salazar) did so under oath.
c. Plaintiffs Steiner and Atnip have not answered Defendant's Interrogatories."

Doc. Ent. 40 at 3 ¶ 5. Defendant Brand seeks an order granting its motion to dismiss and dismissing the complaint with prejudice, in its entirety, as to each defendant. Doc. Ent. 40 at 3.

On September 27, 2007, plaintiffs filed responses to defendant Brand's motion to dismiss. Doc. Entries 44 and 45. Plaintiffs contend that "documents were included in the interrogatories sent on September 4th, and 5th[,]" "[a]nswers were under oath and signature pages have been sent to opposing counsel to prove such[,]" and "Maida, Salazar and Chris Pavlik have answered, however, Steiner and Atnip have not as discussed with opposing counsel." Doc. Ent. 44 at 4 ¶ 15. Plaintiffs request that the Court deny the motion to dismiss and permit an extension of the discovery deadline. Doc. Ent. 44 at 4.[6] Defense counsel received signature pages for ten (10) of the fourteen (14) plaintiffs on September 28, 2007.[7]

Defendant Brand filed a reply on October 1, 2007, in which it renewed its request for dismissal with prejudice of plaintiff's complaint in its entirety. Doc. Ent. 46 at 2. On October 3,

---

[6]Plaintiffs' response states that defense counsel was informed that plaintiffs would concur. Doc. Ent. 44 at 2. This report assumes that plaintiffs were concurring in defendant Brand's desire to withhold production of his clients for deposition until plaintiffs' interrogatory responses were served.

[7]Oct. 3, 2007 Hrg.

5

2007, I conducted a hearing, in part regarding the motion to dismiss. Plaintiffs were represented by attorney Ronald D. French, and various defendants were represented by attorneys Nathan J. Carroll, John B. Renick (of St. Louis, MO) and Daniel G. Cohen. Upon representation, no one was present on behalf of Pembrooke. Following oral argument, I took the motion under advisement.[8]

**C.     Applicable Law**

**1.     Fed. R. Civ. P. 37(b)(2)**

Rule 37(b)(2) provides, in pertinent part, that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(C). The rule further provides that "[i]n lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2).

---

[8]During the hearing, defense counsel stated that if the Court denies the motion to dismiss, December 1, 2007, would no longer be a realistic discovery deadline. If the Court accepts my recommendation that the motion to dismiss be denied, the parties are directed address any requests for an extension of the case management schedule with Judge Tarnow's chambers. In fact plaintiffs' September 24, 2007, motion to extend deadlines seeks extensions to the deadlines set forth in Judge Tarnow's July 19, 2007, order granting joint motion to extend dates. Doc. Ent. 41.

"A district court may sanction parties who fail to comply with discovery orders in a variety of ways, including dismissal of their lawsuit or entry of default judgment against them." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (referencing Fed. R. Civ. P. 37(b)(2)(C)). "Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery." *Wittman v. Wilson*, 95 Fed. Appx. 752, **2 (6th Cir. 2004) (unpublished). *See also Maldonado v. Thomas M. Cooley Law School*, 65 Fed. Appx. 955, **2 (6th Cir. 2003) (unpublished).

**2.   Dismissal as a sanction for failure to cooperate in discovery**

"In *Regional Refuse*[,]we discussed the factors a district court should evaluate in determining whether to impose sanctions under Rule 37(b)(2)(C) for noncompliance with discovery orders[.]" *Bank One of Cleveland, N.A.*, 916 F.2d at 1079. "This court has determined that four factors are to be considered when reviewing a decision by a district court to impose sanctions under Rule 37." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-155 (6th Cir.1988)).[9] "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that

---

[9]*Regional Refuse Systems, Inc.* was superseded by Fed. R. Civ. P. 37(c)(1) in 1993. *See Vance, by and Through Hammons v. United States*, No. 98-5488, 1999 WL 455435, **6 (6th Cir. 1999) (unpublished). Fed. R. Civ. P. 37(c) governs a party's "failure to disclose; false or misleading disclosure; [or] refusal to admit." However, *Vance* acknowledges that the *Regional Refuse Systems, Inc.* test does apply to cases in which sanctions are brought pursuant to Fed. R. Civ. P. 37(b) or Fed. R. Civ. P. 41(b). *Vance*, 1999 WL 455435 at **6.

failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered." *Freeland*, 103 F.3d at 1277. *See also Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997) (citing *Regional Refuse Systems, Inc.*, 842 F.2d at 153-155); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Bank One of Cleveland v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

"The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-643 (1976)). Dismissal of a case is appropriate if plaintiff's failure to respond to discovery ordered by the court manifests "flagrant bad faith" and "callous disregard". *National Hockey League*, 427 U.S. at 642-643. However, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering and Manufacturing Company*, 15 F.3d 546, 551-552 (6th Cir. 1994) (citing *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1988)).

**3.     Fed. R. Civ. P. 41(b)**

The instant motion is based upon Fed. R. Civ. P. 41(b), which provides in part that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Doc. Ent. 38 at 2. The Sixth Circuit "has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay

or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). "Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions designed to achieve compliance." *Little*, 984 F.2d at 162 (citing *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980)).

The factors to consider when determining whether to dismiss a case pursuant to Rule 41(b) mirror the factors to consider when determining whether to dismiss a case pursuant to Rule 37(b). "In reviewing a district court's dismissal under either Rule 37(b)(2) or Rule 41(b), we consider four factors: '(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal;[10] and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'" *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)). *See also Bryant v. United States, ex rel. U.S. Postal Service*, 166 Fed. Appx. 207, 210 (6th Cir. 2006); *Southern Wabash Communications, Ltd. v. Union County Braodcasting Co., Inc.*, 69 Fed. Appx. 285, 290 (6th Cir. 2003).

### D.     The Court Should Deny Defendant Brand's Motion to Dismiss.

---

[10]"[T]he absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing [does not] necessarily render such a dismissal void." *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id*. Therefore, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id*. at 633.

**a.** Defendant Brand's September 13, 2007, motion to dismiss is based upon plaintiffs' "failure to timely and properly respond to the Court's Order to Show Cause." Doc. Ent. 38 at 2. However, defendant Brand's September 18, 2007, supplement to the motion to dismiss narrows the points of contention to three. Doc. Ent. 40 at 3 ¶ 5.

**b.** In the original motion, defendant Brand acknowledges plaintiff's representation that "Atnip had chosen not to be a part of this action and that . . . Steiner lived out of the State, but was answering his Interrogatories and would forward them to counsel for Defendant upon completion." Doc. Ent. 38 at 5 ¶ 14. The supplemented motion to dismiss is based upon plaintiffs' Steiner and Atnip's failure to answer defendant Brand's interrogatories. Doc. Ent. 40 at 3 ¶ 5c. Plaintiffs responded that Maida, Salazar and Chris Pavlik had answered but that, as discussed with defense counsel, Steiner and Atnip had not. Doc. Ent. 44 at 4 ¶ 15c.

Although Steiner and Atnip were plaintiffs at the time defendant's motion to dismiss was filed, Steiner and Atnip are no longer parties to this case. At the October 3, 2007, motion hearing plaintiffs' counsel agreed to let Atnip and Steiner out of the case. Furthermore, as noted in Section II.A of this opinion, plaintiffs' motion to amend was granted; therefore, the October 9, 2007, proposed amended complaint supercedes the previously filed complaints, and original plaintiffs Atnip and Steiner are not listed in the caption of that complaint. Doc. Ent. 52.

**c.** The supplemented motion to dismiss is based upon the absence of answers signed under oath by twelve (12) of the plaintiffs. Doc. Ent. 40 at 3 ¶ 5b. Plaintiffs allege that those who provided answers sent signature pages to defense counsel. Doc. Ent. 44 at 4 ¶ 15b. At the hearing, counsel for defendant Brand acknowledged receiving unsigned and unsworn answers to the interrogatories on September 7, 2007. He further acknowledged receipt of signature pages

for ten (10) of the fourteen (14) plaintiffs' on September 28, 2007.[11] Also, he stated that he did not have signed answers to interrogatories from Maida and Grant, although they were supposed to be in the mail. If, in fact, signature pages for Maida and Grant are still outstanding, those will likely be the subject of Judge Tarnow's ruling on the motion to compel.

**d.** The supplemented motion to dismiss is based upon a complete absence of responses to the requests for production of documents. Doc. Ent. 40 at 3 ¶ 5a. In its September 13, 2007, motion to dismiss, defendant Brand acknowledged receiving a "limited number of documents attached to . . . Interrogatory answers." Doc. Ent. 38 at 4-5 ¶ 11. However, defendant Brand stated that "[n]o written responses to any of Defendant's Requests for Production of Documents have been served by counsel for any of the Plaintiffs as required by Rule 34[.]" Doc. Ent. 38 at 5 ¶ 12. Defendant Brand supplemented its motion by acknowledging receipt of some documents from Salazar and Chris Pavlik. Doc. Ent. 40 at 2 ¶ 3. However, it further stated that "[n]o written responses to Defendant's Requests for Production of Documents were received from any of these three Plaintiffs." Doc. Ent. 40 at 2 ¶ 4.

Plaintiffs respond that "the request submitted was for the production of documents for the interrogatories and documents were sent." Doc. Ent. 44 at 3 ¶ 12. Plaintiffs contend that documents were provided on September 4th and 5th. Doc. Ent. 44 at 4 ¶ 15a. At the October 3, 2007, hearing, plaintiffs' counsel mentioned that documents were also attached to plaintiffs' May 14, 2007, amended complaint.[12] Counsel for defendant Brand stated it is not clear to which

---

[11]This is the day after plaintiffs' response to the instant motion was filed. Doc. Ent. 44.

[12]The exhibits include (1) Plaintiffs' letters and certificates of accommodations and recognition; (2) plaintiffs' Michigan Unemployment Bureau Determinations; (3) letter from Joseph R. Schoenherr alleging illegal substance found; (4) black ball list sent by Brand Scaffold and (5) affidavit of David Witkowski. Doc. Ent. 25-2.

11

requests the documents provided are responsive. As with the previous basis for the instant motion, resolution of this issue is appropriately the subject of Judge Tarnow's ruling on the pending motion to dismiss.

**e.**  At issue here is the appropriateness of defendant Brand's request for dismissal on the basis of the above allegations of non-compliance with the Court's show cause order. The case law upon which defendant Brand relies is illustrative of the circumstances under which dismissal might be warranted. Doc. Ent. 38 at 10. For example, in *Polk-Osumah v. Wayne County, Michigan*, 205 F.R.D.199 (E. D. Mich. 2001) (Hood, J.), this Court granted a motion to dismiss for lack of prosecution. With respect to "bad faith", the Court noted: "Plaintiff failed to appear at the . . . status conference, failed to notify the Court and the other parties as to why she has failed to appear, failed to notify the Court and the parties as to whether or not she has been able to obtain counsel, failed to notify the Court and the parties as to whether she will be proceeding *pro se*, failed to respond to the two motions before the Court, and failed to appear at the December 17, 2001 hearing." The Court also noted indication that plaintiff had been uncooperative during discovery. *Polk-Osumah*, 205 F.R.D. at 201. With respect to a dismissal with prejudice, the Court noted: "it is Plaintiff herself who has been uncooperative in discovery and with her former counsel. Since her counsel withdrew, Plaintiff has failed to appear at scheduled conferences and hearings before the Court. Plaintiff's actions and inaction indicate that she does not seek to prosecute her claims against Defendants. The matter will be dismissed with prejudice." *Polk-Osumah*, 205 F.R.D. at 202.[13]

---

[13]*See also Reed v. Meijer Stores Limited Partnership*, No. 04-CV-73975-DT, 2006 WL 2364946, *2-*3 (E. D. Mich. June 1, 2006) (Morgan, M.J., report recommending that the Court grant motion to dismiss and dismiss case with prejudice) ("plaintiff has never responded to the initial

12

**f.** Here, it is obvious that discovery has not proceeded in an ideal fashion. Provision of responses at the beginning of September 2007 to discovery requests which were served during the first week of March 2007 is well outside of the 30-day response time set forth in Fed. R. Civ. P. Rules 33(b)(3) and 34(b). Such production is also outside of the two extensions allegedly granted by defendant Brand, the second of which was an extension to May 31, 2007. Doc. Ent. 38 at 3 ¶¶ 5-6.[14]

Perhaps it took the severity of the Court's August 20, 2007, show cause order to invigorate the response process. Whether or not that is true, it should be noted that plaintiffs' responses to the Court's order to show cause were less than ideal. At the hearing, plaintiffs' counsel stated that twelve (12) sets of interrogatory answers were mailed by September 7, 2007 - nine (9) were sent on September 4th and 3 (3) were sent on September 5th. *See also* Doc. Ent. 44 at 4 ¶ 14. In addition, he claims that some documents were provided too. *See also* Doc. Ent. 44 at 4 ¶ 15a. Furthermore, plaintiffs' counsel claimed that he explained the absence of signature pages to counsel for defendant Brand.[15] Although the production of these responses was within

---

interrogatories and request for production, nor has he complied with the mandatory disclosure provisions of . . . Rule 26(a)(1) or a discovery conference pursuant to . . . Rule 26(f)[,]", "plaintiff has failed to cooperate in discovery and has never responded to the properly propounded discovery requests.") (adopted by O'Meara, J., Aug. 11, 2006); *Frailing v. Marquette General Hospital, Inc.*, No. 2:05-CV-290, 2007 WL 1202385, *2 (W. D. Mich. Apr. 23, 2007) (Edgar, J.) ("MGH cannot defend itself against Plaintiff's claims without initial disclosures, as well as responses to its reasonable discovery requests[,]" "[t]he magistrate warned Plaintiff . . . that he would recommend dismissal of her claims if she did not comply with the Court's discovery orders[,]" "Plaintiff failed to file anything with this Court in response to the Court's directives.").

[14]Defendant Brand contends that "no further request would be granted." Doc. Ent. 38 at 3 ¶ 6. Plaintiffs contend dispute this understanding. Doc. Ent. 44 at 3 ¶ 6.

[15]At the hearing, plaintiffs' counsel explained that he has numerous clients, and it is difficult to get them into his office. *See also* Doc. Ent. 44 at 3 ¶ 10.

the September 7, 2007, deadline set forth in Judge Tarnow's August 20, 2007, show cause order, the production was deficient under Rule 33(b)(1), because the answers were not signed under oath. Furthermore, Rule 34(b) requires "a written response".

Nonetheless, the Court should not conclude that dismissal of the instant case is warranted. It is true that plaintiffs' failure to cooperate in discovery - in this case to respond to defendant Brand's interrogatories and requests for production of documents - prejudices defendant Brand's ability to defend this case. Also, there is no question that Judge Tarnow's August 20, 2007, order to show cause adequately warned plaintiffs that "[f]ailure to timely respond to this order *will* result in dismissal for failure to prosecute." Doc. Ent. 37 (emphasis added). Furthermore, it is true that the show cause order was a less severe option than dismissal.

However, it is not clear that this significant discovery delay was due to plaintiffs' willfulness, bad faith or fault. Unfortunately, the Court is without an explanation as to what caused the delay in plaintiffs' responses from an original due date of the beginning of April 2007 to September 2007. Between May 14, 2007 (the date of plaintiffs' motion to amend complaint to add proper party) and September 27, 2007 (the date of plaintiffs' response to the instant motion), plaintiffs filed only their September 24, 2007, motion to extend. They did not file a response to defendant Brand's June 5, 2007, motion to compel, which might have explained the reason two requests for extension were sought from defendant Brand. Nor does the September 27, 2007, response explain why it took until September 2007 to respond to March 2007 discovery requests.

The most that can be discerned from plaintiffs' response to the instant motion is that plaintiffs tie the delay in responding to discovery on this Court's acceptance of the May 2007

14

amended complaint. This connection may be made because, in response to defendant Brand's September 13, 2007, assertion that its discovery requests were served during the first week of March 2007, plaintiffs stated on September 27, 2007, that "an amended complaint has been filed and the Plaintiffs are still waiting for the Court to give a motion date and[/]or an order for the amendment." Doc. Ent. 38 at 3 ¶ 4; Doc. Ent. 44 at 3 ¶ 4.

Despite plaintiffs' apparent neglect in providing discovery responses, the Court should hesitate to impose the severe sanction of dismissal in light of plaintiffs provision of some type of response, albeit at the eleventh hour. Although this neglect may be negligent, there is no evidence that it is the result of "flagrant bad faith" or "callous disregard". *National Hockey League*, 427 U.S. 639, 643 (1976). Nor, despite their deficiencies, should the Court conclude that the untimely responses "they ultimately did file were . . . grossly inadequate." *National Hockey League*, 427 U.S. at 642.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

15

*Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

|  |  |
|---|---|
| Dated 10/26/07 | s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 26, 2007.
>
> s/Eddrey Butts
> Case Manager