**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFF PAVLIK, et al,

       Plaintiffs,

v.                               Case No.  06-13928

BRAND SCAFFOLD BUILDERS, LLC, et al,     Honorable Arthur J. Tarnow

       Defendants.              Magistrate Judge Paul J. Komives

_____/

JOHNATHAN KLUMPP, et al,

       Plaintiffs,

v.                               Case No.  06-14540

BRAND SCAFFOLD BUILDERS, LLC, et al,     Honorable Arthur J. Tarnow

       Defendants.              Magistrate Judge Paul J. Komives

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [58 IN 06-13928];**
**DENYING DEFENDANT'S MOTION TO DISMISS [38];**
**AND DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL [28]**

Before the court are defendant's objections to Magistrate Judge Komives's report and recommendation entered on October 26, 2007, and the defendant's June 5, 2007 motion to compel.

Plaintiffs had not responded to defendant Brand Scaffold's motion to compel.  Therefore, on August 20, 2007, this Court entered an order requiring plaintiffs to comply with defendant's request for interrogatories and documents by September 7, 2007.  Alternatively, plaintiffs could show cause why defendant's motion to compel should not be granted.  And the Court added that "failure to timely respond to this order will result in dismissal for failure to prosecute."

On September 13, 2007, defendant Brand Scaffold filed a motion to dismiss Pavlik's complaint for the plaintiffs' failure to comply with the Court's August 20 order.

Plaintiffs have complied in substance with Brand's discovery requests, as they are outlined in Brand's September 18, 2007 supplement to its motion to dismiss. In that supplement, Brand narrowed its basis for plaintiffs' failure to comply with discovery. In particular, Brand argued (1) that the plaintiffs who provided interrogatory responses did not provide signature pages and (2) that none of Brand's document requests were satisfied.

As Magistrate Judge Komives notes, the signature pages for two of the plaintiffs' interrogatory responses "were supposed to be in the mail." See Report and Recommendation at 11, pt. D.c. Defendant does not assert that there are still outstanding signature pages that plaintiffs have not produced. Rather, defendant argues that plaintiffs were not timely in forwarding signature pages to accompany the interrogatory responses.

As for the plaintiffs' alleged failure to produce documents in compliance with the August 20 order, plaintiffs did produce "a limited number of documents attached to their unsigned interrogatory answers on September 4 and 5 and to their Amended Complaint." See Def.'s Objections to R&R at 2. Defendant's objections only state "it is not clear to which [r]equests these limited number of documents produced are responsive." *Id*. Defendant has not shown with enough specificity how plaintiffs' production of documents is in substance inadequate.

It appears to the Court that Brand Scaffold has already received, though perhaps in untimely fashion, the discovery that was the subject of its motion to compel, as narrowed by its September 18 supplemental brief to the motion to dismiss. If the Court is mistaken, Brand Scaffold may move for reconsideration of this order.

Because plaintiffs began to cooperate with discovery requests after the court issued its show cause order, Pavlik's complaint will not be dismissed.

The motion to compel is DENIED as moot.

The Court ADOPTS Magistrate Judge Komives's report and recommendation. Defendant's motion to dismiss for failure to prosecute is DENIED.

SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  March 4, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2008, by electronic and/or ordinary mail.

S/V. Sims for THERESA E. TAYLOR
Case Manager