**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEFF PAVLIK, JUAN MARTINEZ, and KIPP
SALAZAR,

       Plaintiffs,

v.                                         Case No. 06-13928

BRAND SCAFFOLD BUILDERS, LLC, a        Honorable Arthur J. Tarnow
foreign LLC doing business in Michigan,

       Defendant.

                                       /

**ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT [105, 106]**

Before the court are Brand Scaffold's motions for summary judgment. The matter came on for a hearing on October 15, 2008.

For the reasons that follow, the court will enter summary judgment in Brand's favor. Plaintiffs claim that defendant defamed them. Defamation requires a false statement. *See Crawford v. TRW, Inc.*, 815 F.Supp. 1028 (E.D. Mich. 1993). But plaintiffs have failed to present evidence that would create a genuine issue of material fact as to whether Brand or one of its agents made a false statement concerning the plaintiffs. Without evidence of a false statement, plaintiffs' claim of intentional infliction of emotional distress cannot survive either.

I. The statements

In the argument portion of their response briefs, plaintiffs point to only two potentially actionable statements. One David Witkowski testified at a deposition that he heard these two statements at an all-employee meeting at the Marathon job site. The first statement was made by Dan Pasler, who replaced Pavlik as job superintendent. Even according to Witkowski's rendition

of Pasler's statement, Pasler did not say that the plaintiffs did anything illicit. Rather, Pasler stated generally that the company "is not going to tolerate people doing drugs or having anything to do with drugs." *See* Pavlik and Salazar's Resp. to Def.'s Mot. for summ. j., Ex. 1 at 17 (Witkowski's deposition). Plaintiffs' invocation of Pasler's comment as a basis for their defamation claim fails, because Pasler's comment does not impute any illicit behavior to plaintiffs.

The second possible statement — which was made by Schoenherr, a Brand manager — is a stronger basis for plaintiffs' claim. In the end, though, this statement cannot protect plaintiffs from losing on summary judgment. According to Witkowski, Schoenherr said that the Mitchell-Pavlik clique of carpenters were "caught with [illegal] drugs," or that management investigators had "found some illegal substances in the trailers."[1] *See* Pavlik and Salazar's Resp., Ex. 1 at 17 (Witkowski's deposition).

Even if the court considers Witkowski's deposition testimony, plaintiffs would be unable to survive defendant's motions. To survive summary judgment, plaintiffs must come forward

---

[1] During the deposition, Witkowski initially testified that Schoenherr had said at the meeting that the Mitchell-Pavlik clique were *using* drugs. *See* Pavlik and Salazar's Resp., Ex. 1 at 16 (in response to defense counsel's question, "Did you ever hear any . . . person in a management position at Brand say that these Mitchell and Pavlik guys were fired or laid off for illegal drug use?" Witkowski answered affirmatively). But when pressed by defense counsel, Witkowski conceded that Schoenherr had not stated at the all-employee meeting that plaintiffs had used drugs; rather, acknowledged Witkowski, Schoenherr only said that the Mitchell-Pavlik clique were *caught with* illegal drugs. See id. at 17 (Witkowski eventually states "I don't remember him saying used drugs, I remember him saying they got caught with drugs").

with evidence in the record that Schoenherr's statement at the all-employee meeting was false. In other words, plaintiffs would need evidence supporting the assertion that no illicit substance was found in trailers, trailers that were under plaintiffs' supervision. Or plaintiffs would need evidence indicating that they were not even caught with drugs. But plaintiffs have not stepped forward with such evidence, which is their burden on summary judgment. Plaintiffs do argue in their response that any illicit substance discovered "was not found in Mr. Pavlik's trailer." *See* Pavlik and Salazar Resp. at 9, ¶ 27. Yet plaintiffs do not cite to the record for this assertion.

All that plaintiffs have cited is Schoenherr's deposition testimony where he says that he had no knowledge that the plaintiffs were using drugs. *See* Pavlik and Salazar Resp., Ex. 4 at 24 ("I had no knowledge of anybody using drugs at Marathon"). But even if Schoenherr did not know whether plaintiffs were using drugs, there is no other evidence to rebut the assertion that illicit substances were found in trailers under plaintiffs' authority. Therefore, nothing suggests that Schoenherr's statement at the all-employee meeting was false. Pavlik and Salazar must lose on their defamation claim, then.

II. Plaintiff Martinez

Martinez was a member of the carpenters union and worked for Brand at the Marathon job site.

Brand argues that summary judgment should be granted in its favor as to plaintiff Martinez, because Martinez was not terminated. Martinez was laid off for one day before he was brought back to work. Martinez then quit after hurting his back. Martinez testified that he did

not consider himself a member of the Mitchell-Pavlik clique. Nor was Martinez on the blacklist that named Pavlik and Salazar.

As defense counsel notes, plaintiff's counsel does not respond to Brand's arguments about Martinez in particular.

Defendant is correct that Martinez was not blacklisted, as he returned to work for Brand. The question remains whether defendant made any false statement that injured Martinez in some other way.

Plaintiff has not pointed to any false statement where Brand suggested that Martinez was fired for involvement with drugs. Witkowski's testimony, as described above, only concerns Schoenherr's comments about the Mitchell-Pavlik clique, which Martinez acknowledges he was not a part of. Therefore, summary judgment must be granted in Brand's favor as to plaintiff Martinez's defamation claim.

III. Intentional Infliction of Emotional Distress

If plaintiffs cannot succeed on their defamation claims, then no extreme or outrageous conduct is actionable in tort. In other words, if plaintiffs cannot produce evidence suggesting that defendant made any statements falsely implying their involvement with drugs, then plaintiffs cannot argue that Brand acted in an extreme and outrageous way. Therefore, plaintiffs' claims for intentional infliction of emotional distress must also be dismissed.

The court GRANTS defendant's motions for summary judgment.

SO ORDERED.

                              S/ARTHUR J. TARNOW
                              Arthur J. Tarnow
                              United States District Judge

Dated: October 21, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 21, 2008, by electronic and/or ordinary mail.

                              S/THERESA E. TAYLOR
                              Case Manager